IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONNIE CRUICKSHANK-WALLACE and WILLIAM WALLACE, *Plaintiffs*, v. CNA FINANCIAL CORPORATION, *et. al.*, *Defendants*. | CIVIL ACTION NO. 18-2769 |

**PAPPERT, J.**                                                            November 13, 2018

## MEMORANDUM

This case is the latest in a string of unsuccessful malpractice lawsuits brought by the Plaintiffs against their former lawyers and some of those lawyers' insurers. Bonnie Cruickshank-Wallace and William Wallace claim that CNA Financial Corporation ("CNAF"), the Continental Corporation ("TCC"), Continental Casualty Company ("Continental") and Columbia Casualty Company insured one of their former lawyers and caused him to breach his fiduciary and contractual duties to them. Defendants move to dismiss the claims and the Court grants their Motions for the reasons that follow.

I

Plaintiffs' claims arise from decades-old state court judgments against them. In 1998 and 2000, respectively, they were each sued by a bank in Maryland state court for defaulting on loans and receiving fraudulent conveyances. *See generally Wallace v. Mercantile Cty. Bank*, 2006 WL 3302490, (E.D. Pa. Nov. 9, 2006) (fully outlining the

1

procedural history of the Maryland state court proceedings); *Wallace v. Mercantile Cty. Bank*, 514 F. Supp. 2d 776 (D. Md. 2007), *aff'd*, 307 F. App'x 720 (4th Cir. 2009) (same). In 2006, after the close of those proceedings, Mrs. Wallace retained Philadelphia law firm Klehr Harrison Harvey Branzburg LLP to sue the bank for abuse of process, denial of due process and defamation of creditworthiness, among other claims. *See Wallace*, 2006 WL 3302490, at *1. The bank removed the case to federal court, transferred it to the District of Maryland and moved for dismissal or summary judgment on all claims. *Id.* The Maryland district court granted the bank's motion and dismissed the case. *Wallace*, 514 F. Supp. at 780.

Mrs. Wallace promptly retained Gerald P. Egan and the Egan Young law firm to sue the Klehr firm for legal malpractice. *See Cruickshank-Wallace v. CNA Fin. Corp.*, 2017 WL 4231601, at *1 (Pa. Super. Ct. Sept. 25, 2017). The Chester County Court of Common Pleas granted summary judgment for Klehr. *Id.* Mrs. Wallace thereupon hired another lawyer, James Tupitza, to appeal the judgment, but Tupitza failed to timely file a court-ordered statement of errors. *Id.*; (Am. Compl., ECF No. 7, at ¶¶ 1, 5). Plaintiffs, now acting *pro se*, sued Egan for malpractice in Chester County. *Cruickshank-Wallace*, 2017 WL 4231601, at *1. The court granted summary judgment for Egan. *Cruickshank-Wallace*, 2017 WL 4231601, at *1.

While the Egan lawsuit was ongoing, Plaintiffs also sued Tupitza for malpractice. Plaintiffs named CNAF, Continental and Columbia, who allegedly insured both Tupitza and Klehr, as defendants. *Id.*; (Am. Compl., ECF No. 7, at ¶ 7). Plaintiffs accused CNAF, Continental and Columbia of concerted tortious conduct, tortious interference with Tupitza's contract with Plaintiffs, and agency liability for Tupitza's

2

alleged breach of fiduciary duties. Second Am. Compl., *Cruickshank-Wallace v. CNA Fin. Corp.*, CV No. 13-10242 (Chester Cty. Ct. Com. Pl. Sept. 8, 2014). After several years of proceedings, the court granted summary judgment to Tupitza, Continental and Columbia and dismissed claims against CNAF for lack of personal jurisdiction. *See Cruickshank-Wallace*, 2017 WL 4231601, at *1–2; Order, *Cruickshank-Wallace*, CV No. 13-10242 (Chester Cty. Ct. Com. Pl. Jan. 5, 2015) ("Order Dismissing CNAF"). The Superior Court of Pennsylvania affirmed, *Cruickshank-Wallace*, 2017 WL 4231601, at *5, and the Supreme Court of Pennsylvania denied Plaintiffs' petition for allowance of appeal. *Cruickshank-Wallace v. CNA Fin. Corp.*, 187 A.3d 907 (Pa. 2018).

In its order dismissing with prejudice all claims against CNAF for lack of personal jurisdiction, the Pennsylvania trial court found that "Plaintiffs base their jurisdictional argument on the theory that [CNAF, Continental and Columbia] are a 'corporate combine' . . . [but] the record demonstrates that [CNAF] does not control the other two insurance company defendants." (Order Dismissing CNAF at 1.)

In its order granting summary judgment for Tupitza, Continental and Columbia, the trial court held that Plaintiffs' case was "defective as a matter of law" because Plaintiffs certified that expert testimony was not required to prove their claims and did not produce an expert witness to show that Tupitza committed legal malpractice. Order, *Cruickshank-Wallace*, CV No. 13-10242, at 14 (Chester Cty. Ct. Com. Pl. July 11, 2016) ("Order Granting Summ. J."). Their certification was binding under Pennsylvania law, and the court could not find that malpractice occurred without the assistance of expert testimony. *Id.* at 13. With respect to Continental and Columbia, the court held the claims against them "clearly derivative in nature to those asserted

3

against Tupitza" and held that Plaintiffs "could only succeed against insuring Defendants if the Claims against Tupitza were successful." *Id.* at 12, 15.

Plaintiffs filed this Complaint on July 2, 2018, again suing CNAF, Continental and Columbia, two weeks after Supreme Court of Pennsylvania denied Plaintiffs' petition for allowance to appeal the state court judgment. (Compl., ECF. No. 1.); *Cruickshank-Wallace*, 187 A.3d at 907–08. Plaintiffs allege claims virtually identical to those dismissed by the state court: concerted tortious conduct, tortious interference with Tupitza's contract with Plaintiffs, liability in agency for Tupitza's conduct and for causing Tupitza to violate fiduciary duties. Plaintiffs have added TCC, another alleged subsidiary of CNAF, as a defendant and are no longer suing Tupitza for the alleged malpractice underlying all claims.

TCC moves to dismiss for lack of personal jurisdiction and supports its motion with an affidavit from David B. Lehman, Assistant Secretary of CNAF. The affidavit states that TCC is a holding company for CNAF, not an insurance company, has no control over the insurance operations of its subsidiaries and has no offices or employees in Pennsylvania. CNAF argues that the court cannot exercise personal jurisdiction over it and the doctrine of issue preclusion prevents the court from relitigating that issue. Continental and Columbia argue that the doctrine of claim preclusion prevents Plaintiffs from bringing claims against them that have already been litigated and decided in their favor by the state court.

II

In reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the Court "must accept all of the plaintiff's allegations

4

as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (citation omitted). A motion filed pursuant to Rule 12(b)(2) "is inherently a matter which requires resolution of factual issues outside the pleadings," that is, "whether *in personam* jurisdiction actually lies." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Once the defense has been raised, "the plaintiff must satisfy its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence" and may not "rely on the bare pleadings alone." *Id.* (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700 (3d Cir. 1982)). The plaintiff must offer evidence that establishes with reasonable particularity the existence of sufficient contacts between the defendant and the forum state to support jurisdiction. *See Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992); *see also Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

Under Federal Rule of Civil Procedure 4(k), a district court typically exercises personal jurisdiction according to the law of the state where it sits. *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). Pennsylvania's long-arm statute permits courts to exercise personal jurisdiction "to the fullest extent allowed under the Constitution of the United States and . . . based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 PA. C.S.A. § 5322(b). To exercise personal jurisdiction, the Court must therefore determine whether, under the Due Process Clause, the defendant has "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does

5

not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316–17 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction: general and specific. General jurisdiction exists where the defendant's contacts with the forum state are "continuous and systematic," whether or not those contacts are related to the plaintiff's cause of action. *See Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). Specific jurisdiction exists when the "non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." *Gen. Elec. Co. v. Deutz*, 270 F.3d 144, 150 (3d Cir. 2001) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). The specific jurisdiction inquiry has three parts. *See O'Connor*, 496 F.3d at 317. First, the plaintiff must show that the defendant "purposefully directed [its] activities at the forum." *Burger King*, 471 U.S. at 472; *see also Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *see also Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994). Third, if the prior two requirements are met, the Court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320).

Once TCC raised the defense of lack of personal jurisdiction, Plaintiffs bore the burden to show sufficient contacts between TCC and Pennsylvania to support the Court's exercise of jurisdiction. Plaintiffs' Response to TCC's 12(b)(2) Motion attempts to make several abstract and conclusory arguments: a Pennsylvania statute asserts

6

jurisdiction over foreign insurance holding companies, CNAF's subsidiaries are liable if CNAF is liable and courts applying Pennsylvania law have exercised personal jurisdiction over CNAF's subsidiaries in the past under the "corporate combine" theory. Plaintiffs do not, however, offer any jurisdictional facts to overcome TCC's defense or rebut TCC's representation to the Court that it a holding company with no presence or operations in Pennsylvania. *See* (TCC Mot. Dismiss, ECF No. 12, at 2–4). The Court thus has no basis to conclude that TCC has contacts with Pennsylvania such that the maintenance of claims against it will not offend traditional notions of fair play and substantial justice.

## II

Under the Full Faith and Credit Act, federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Baker v. General Motors Corp.*, 522 U.S. 222, 246 (1998) (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 (1982)). Defendants bear the burden to show that a prior judgment has preclusive effect with respect to claims or issues raised in Plaintiffs' Complaint. *Borough of Lansdale v. PP & L, Inc.*, 426 F. Supp. 2d 264, 306 (E.D. Pa. 2006), *reconsidered on other grounds*, 503 F. Supp. 2d 730 (E.D. Pa. 2007).

### A

Pennsylvania law regarding claim preclusion provides that "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995) (citing *Allen v. McCurry*, 449 U.S. 90, 94,

(1980)).  The doctrine applies only if there is a "coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued." *Robinson v. Fye*, 192 A.3d 1225, 1231 (Pa. Commw. Ct. 2018).  The prior judgment must have arisen from proceedings "which satisfy the procedural requirements of the due process clause so that the party had a fair opportunity to litigate." *Borough of Lansdale*, 426 F. Supp. 2d at 308 (citing *Kremer*, 456 U.S. at 480–82).

Claim preclusion applies "not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." *Balent*, 669 A.2d at 313 (citing *Allen*, 449 U.S. at 94)).  The parties are bound "as to every matter which was offered and received to sustain or defeat the claim on demand" as well as "to any other admissible matter which might have been offered for that purpose." *Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 524 (3d Cir. 1973) (quoting *Cromwell v. Sac Cty.*, 94 U.S. 351, 352 (1876)).

Continental and Columbia correctly argue that under the doctrine of claim preclusion, the Chester County court judgment against Plaintiffs bars them from raising nearly identical claims in federal court.  Continental and Columbia have demonstrated that all four required factors to invoke claim preclusion are met in this case.  First, the claims dismissed by the state court and the present claims all seek damages from Defendants arising from Tupitza's alleged legal malpractice.  Second, while the number and phrasing of claims have slightly changed, Plaintiffs' state court complaint and the Amended Complaint in this case allege the same causes of action.

See *Merkel v. W.C.A.B.*, 918 A.2d 190, 193 (Pa. Commw. Ct. 2007) ("Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings."). Finally, the identities of the parties to the action have not changed, nor have their capacities to sue or be sued.

Plaintiffs argue that the state trial court's grounds for dismissing the claims—that Plaintiffs were unable to prove legal malpractice from which the claims against the insurers derive—do not apply to this case because Plaintiffs are no longer directly alleging legal malpractice. On this theory, they appear to contend that they are not precluded from relitigating tort claims against the insurers because the state court did not squarely address those claims. Plaintiffs ignore the fact that their tort claims still derive from Tupitza's alleged malpractice, despite the fact that Tupitza is no longer a named party. Plaintiffs remain bound by the state court's judgment on the malpractice claim and its dismissal of all derivative claims. *See Balent*, 542 Pa. at 566 ("Under res judicata, [plaintiffs] are barred from litigating claims that were or could have been raised in the prior action which resulted in a final judgment on the merits, so long as the claims derive from the same cause of action."); *Robinson*, 192 A.3d at 1231 ("[W]here the same evidence is required to support a final determination in a former action and in a subsequent action, res judicata bars the second action.").

The state court's grant of summary judgment for Continental and Columbia, affirmed on appeal, was a final, valid judgment on the merits. *See Schuldiner v. Kmart Corp.*, 450 F. Supp. 2d 605, 609 (E.D. Pa. 2006), aff'd, 284 F. App'x 918 (3d Cir. 2008) ("The preclusive effect of summary judgments is consistent with the Commonwealth's

9

general understanding of the purpose of res judicata."). Plaintiffs had a fair opportunity to litigate; they are not entitled to a second chance in a new forum.

B

Under Pennsylvania law, the doctrine of issue preclusion bars a party from relitigating an issue if (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment. *Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 50–51 (Pa. 2005). The doctrine is intended to relieve parties of the cost and vexation of multiple lawsuits, facilitate judicial consistency, conserve judicial resources and encourage reliance on adjudication. *See id.* at 51; *see also Schaffer*, 673 A.2d at 875.

The Court lacks personal jurisdiction over CNAF and the doctrine of issue preclusion bars Plaintiffs from relitigating this issue. The jurisdictional issue here is the same as that addressed by the state court, there was a final judgment on the merits and the litigating parties have not changed. Plaintiffs had a full and fair opportunity to litigate and the state court considered both parties' briefing before issuing its order dismissing all claims against CNAF with prejudice. Finally, the state court's decision was essential to the dismissal of all claims against CNAF. Plaintiffs may not relitigate an issue that has already been fairly and finally decided. *See Saudi v. Acomarit Maritimes Servs., S.A.*, 114 F. App'x 449, 454 (3d Cir. 2004) (finding that issue

preclusion may bar relitigation of the issue of personal jurisdiction); *Hickey v. Tenn. Gas Pipeline Co.*, 1992 WL 158074, at *2 (E.D. Pa. July 1, 1992) (applying the doctrine of issue preclusion to prevent defendant from relitigating the issue of personal jurisdiction).

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.